AMERICAN FIRE INSURANCE COMPANY, APPELLEE, V. ED-
WARD E. HOWELL, APPELLANT.

FILED FEBRUARY 15, 1911. No. 16,289.

Insurance: TERMINATION OF AGENCY: COMPENSATION. An insurance
agent, who retained a stipulated compensation and whose agency
was terminated by his principal within a year, in strict con-
formity with the terms of his employment, *held* not entitled to
an additional contingent commission, the right to which de-
pended upon the agency continuing for a year and on the col-
lection of a larger amount of premiums than those collected.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. *Affirmed.*

*W. H. Herdman,* for appellant.

*John P. Breen, contra.*

ROSE, J.

The subject of controversy is the amount of commissions due defendant for writing insurance and collecting premiums as plaintiff's agent at Omaha from June 20, 1905, to April 20, 1906. Plaintiff sued defendant for $458.42, an alleged balance due for premiums after deducting the agent's stipulated commissions. Defendant pleaded a counterclaim of $399.57, based on an additional contingent commission authorized, as he alleges, by the terms of his agency. A demurrer to the answer was sustained. Defendant refused to plead further, and judgment was rendered against him for the full amount of plaintiff's claim. Defendant has appealed.

After allowing defendant a commission of 30 per cent. of the premiums on risks of one class and a commission of 15 per cent. of the premiums on risks of another class, which he in fact received, the contract of employment provides: "It is further agreed an additional contingent commission of 10 per cent. will be paid on the net results of the business at the end of each contingent year from date, the said contingent commission to be computed by deducting from the net premiums written and remitted to the company the amount of losses paid on risks now in force on the books of the company at this agency, and on all risks hereafter written by the agent, together with all local agency expenses, including state and local taxes and licenses. It is understood and agreed that, if the agency should be terminated by resignation or otherwise (the right of resignation or removal at any time is recognized by both parties) before the end of any contingent year, the agent is to receive no contingent commission for the part of the year expired at the termination of the agency, and that this contingent agreement does not extend beyond the termination of the agency. It is further provided and agreed that when, at the end of any contingent period, there shall remain any unsettled losses in the agency, the computation and payment of the contingent fees shall be deferred until such losses shall have been determined. It is further understood and agreed that the 10 per cent. contingent commission shall not be earned and payable unless the net premiums on desirable business according to the rules and prohibitions of the company shall equal or exceed the sum of $7,500 during any one contingent period."

The pleadings disclose the following facts: Defendant had an established insurance agency and controlled a large number of valuable risks. With reference to a portion of this business the contract was made. Defendant was induced to accept the agency by reason of the contingent commission. Owing to the earthquake disaster at San Francisco, plaintiff was compelled to reinsure its risks in

another company and go out of business. In less than a year after the agency was established it was terminated by a peremptory telegram from plaintiff, when the net result of defendant's business in premiums under his agency was $3,995.71. Ten per cent. of this sum, as a contingent commission in addition to the other commissions mentioned, is the amount of defendant's counterclaim. Was it properly disallowed by the trial court in sustaining the demurrer to the answer? This is the question presented. Defendant urges three propositions: "(1) That the agency contract by its terms was to continue for a fixed and definite period of one year at least; (2) that the agency contract contains no provision authorizing the principal to terminate said contract without cause on the part of the agent prior to the expiration of such period of one year; (3) that by terminating said agency agreement the appellee breached and violated his contract with the appellant and is liable therefor to the appellant in damages."

This reasoning cannot be adopted, because it asserts propositions not found in the contract. The only provisions for a definite period of one year relate to the "contingent year" which is made a basis for computing the contingent commission. The right of either party to terminate the contract at any time is recognized in specific terms. It is definitely stated that, if the agency should be terminated before the end of the contingent year, the agent shall receive "no contingent commission for the part of the year expired at the termination of the agency, and that this contingent agreement does not extend beyond the termination of the agency." Plaintiff terminated the contract in strict compliance with its own terms before any right to the contingent commission arose. There was no breach of the contract for which plaintiff is liable in damages, and, when terminated according to its own terms in the manner disclosed, it did not require payment of the contingent commission. The trial court so held, and the judgment is

AFFIRMED.